UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                              CASE NO. 08-19689-PGH
                                                    CHAPTER 11
CASALE MARBLE IMPORTS, INC.,

___Debtor and Debtor-In-Possession.___/

### CONFIRMATION AFFIDAVIT OF D. WALTER CASALE

STATE OF FLORIDA            )
                            ) ss:
COUNTY OF PALM BEACH        )

D. WALTER CASALE, being duly sworn, hereby deposes and says:

1. My name is D. Walter Casale. I am over 21 years of age and fully competent to make this declaration. Unless otherwise stated, I have personal knowledge of the facts set forth in this Affidavit.

2. I am the President of Casale Marble Imports, Inc., (the "Debtor"), which I founded in 1994, having been in this industry in South Florida since 1978.

3. I make this declaration in support of the confirmation of the Debtor's First Amended Plan of Reorganization dated June 30, 2010 (DE 312) (the "Plan").

4. The Debtor is a well known leader in the Florida marble and granite market. It owns and operates a marble fabrication and installation business located in Palm Beach County, Florida, providing the highest quality natural stone flooring and slabs by utilizing its channels of wholesale distribution and fabrication/installation of flooring and countertop materials to builders, developers, architects, contractors, designers and individual home owners. The Debtor maintains an extensive inventory of granite, marble, onyx, travertine, limestone, quartzite and soapstone, creating a collection of over 250 different colors and purchases stone products directly from quarries and manufacturers located in countries around the world, including Italy, Brazil, Peru, India, Spain, Portugal, Egypt, China, Greece, and Israel.

5. As President, I am familiar with the business, operations and assets of the company. My duties include supervision of all aspects of business operations.

6. I am also familiar with and participated in, the negotiations leading to, and the terms and conditions of the Plan, the Debtor's First Amended Disclosure Statement, dated June 30, 2010 (DE

LF-62 (rev. 12/01/09)

313) (the "Disclosure Statement"), and the documents related thereto. More specifically, I was directly responsible for supervising the preparation of financial projections and the liquidation analysis contained in these documents and I reviewed them for accuracy and completeness.

7. The plan includes the following principal features: Payments to the single secured creditor during years 1 through 3 of the Plan, and payments to the allowed unsecured creditors during years 3 through 6 of the Plan.

8. During this chapter 11 reorganization, the Debtor has remained active in the marketplace and has reduced its debt service requirements by more than $3,500,000. The Reorganized Debtor will continue to reduce its secured debt by $3,188,000 during the first three (3) years of the Plan, and will paid unsecured creditors $810,000 during years four (4) through six (6) of the Plan.

Liquidation Analysis

9. As set forth in the analysis contained in the disclosure statement, a liquidation of the debtor would result in approximately $0 value for distribution to the debtor's unsecured creditors.

10. The methodology used in preparing or supervising the preparation of the liquidation analysis included the use of various estimates and assumptions that are inherently subject to significant economic, competitive and operational uncertainties and contingencies that are difficult to predict and beyond the Debtor's control.

Feasibility

11. The proposed Plan is feasible and there are no significant changes since the approval of the Disclosure Statement. The Debtor has consistently performed within its budget for use of cash collateral for more than two (2) years and expects to perform within the cash flow projections post-confirmation.

12. I believe the Debtor will be able to meet all its obligations under the Plan. In particular:

    a. Assuming the effective date of the plan is September 1, 2010, the Debtor will have sufficient cash available to it to make all payments required to be made on such date. Such funds will be derived from the Debtor's ongoing operations.

    b. Based on the projections, the Debtor will be in compliance with all the financial covenants under its loan and lease agreements.

  c. Based on the projections, the Debtor will be able to meet all payment obligations required by the Plan.

Further Affiant sayeth naught.

                CASALE MARBLE IMPORTS, INC.

                _____
                D. Walter Casale, President

Sworn to and subscribed before by D. Walter Casale, President of Casale Marble Imports, Inc., who is personally known to me or who produced _____ as identification, and who did / did not take an oath.

_____
NOTARY PUBLIC (SEAL)
State of Florida
My Commission Expires:_____

ENNIO MARCANTUONO
Comm# DD0799855
Expires 6/23/2012
Florida Notary Assn., Inc