

**ORDERED in the Southern District of Florida on August 26, 2010.**

**Paul G. Hyman, Chief Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
*www.flsb.uscourts.gov*

In re:                                                            **Chapter 11**

**CASALE MARBLE IMPORTS, INC.,**                 **Case No. 08-19689-BKC-PGH**

Debtor in Possession.
_____/

**ORDER CONFIRMING AMENDED PLAN OF**
**REORGANIZATION OF CASALE MARBLE IMPORTS, INC.,**
**AND SETTING POST-CONFIRMATION STATUS CONFERENCE HEARING**

**THIS MATTER** came before the Court on August 24, 2010 at 9:30 A.M. (the "Hearing") upon the *Amended Plan of Reorganization of Casale Marble Imports, Inc.* (the "Plan") (D.E. 312), proposed by Casale Marble Imports, Inc. (the "Debtor" or "Proponent"), and the *Objection to Cure Amount* filed by Enterprise Leasing Company d/b/a Enterprise Fleet Services (hereinafter, "Enterprise") (D.E. 350).

In connection with the confirmation of the Plan, the Court has reviewed and considered the: (i) *Certificate of Plan Proponent on Acceptance of Plan, Report on Amount to Be Deposited,*

*Certificate of Amount Deposited And Payment of Fees* (the "Ballot Certificate") (D.E. 403); and (ii) *Confirmation Affidavit of D. Walter Casale* (the "Confirmation Affidavit") (D.E. 402), which were admitted into evidence at the Confirmation Hearing without objection. The Court has also: (i) reviewed and considered the entire record in this Chapter 11 Case, including the *Proponents' First Amended Disclosure Statement For First Amended Plan of Reorganization* (the "Disclosure Statement") (D.E. 313) and the Plan; (ii) the consent of the United States Trustee to the Plan on the terms set forth therein; (iii) considered the argument of counsel and the proposed revisions to the Plan; (iv) considered the testimony of D. Walter Casale, as set forth in the Confirmation Affidavit, (v) been advised that the Debtor and Enterprise have reached an agreement, and (vi) considered the other evidence presented at the Hearing.

## I.        FINDINGS OF FACT/CONCLUSIONS OF LAW

Based upon the above and in consideration of the record in this case, the Court makes the following findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure, and Rule 52(a), Federal Rules of Civil Procedure:[1]

A.        The Court conducted a series of hearings to consider approval of the Disclosure Statement filed by the Debtor.

B.        There has been adequate and sufficient notice of: (i) the Plan and the Disclosure Statement; (ii) the deadline to file and serve objections to the confirmation of the Plan and to the adequacy of the Disclosure Statement; (iii) the deadline for voting on the Plan; and (iv) the hearing date on the approval of the Disclosure Statement and Confirmation of the Plan.  The Debtor has afforded all parties in interest with an adequate opportunity to be heard regarding the

---

[1]   Where appropriate, findings of fact shall constitute conclusions of law and conclusions of law shall constitute findings of fact. *See In re American Family Enterprises*, 256 B.R. 377, 385 n.2 (Bankr. D. N.J. 2000); *In re Antar*, 122 B.R. 788, 789 (Bankr. S.D. Fla. 1990).

Disclosure Statement and the Plan. The Plan and Disclosure Statement were served upon all parties entitled to vote thereon.

C.      The Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 105, 1121 through 1129 and 1141; 28 U.S.C. §§ 157(a), (b)(1) and (b)(2)(L), 1334(a) and (b), the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

D.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

E.      In accordance with section 1122(a) of the Bankruptcy Code, Article 3 of the Plan classifies all Claims[2] that are substantially similar to each other in discrete classes. The Plan, therefore, satisfies section 1122(a) of the Bankruptcy Code.

F.      The Plan adequately and properly classifies all Claims and Interests required to be classified and, accordingly, satisfies section 1123(a)(1) of the Bankruptcy Code.

G.      Article 4 of the Plan specifies any class of Claims or Interests that are impaired or unimpaired under the Plan, and accordingly, satisfy section 1123(a)(2) and (3) of the Bankruptcy Code.

H.      The Plan provides the same treatment for each Claim or Interest in each Class and accordingly, satisfies section 1123(a)(4) of the Bankruptcy Code.

I.      Article 5 of the Plan sets forth the means by which the Plan will be implemented, and accordingly, makes adequate means for its implementation and satisfies section 1123(a)(5) of the Bankruptcy Code; the Plan will be funded through the ongoing operations of the Reorganized Debtor.

---

[2]  Capitalized terms that are not defined herein shall have the meanings ascribed to them in the Plan.

J.      Each of the Voting Classes have accepted the Plan in the requisite number of ballots, and in the requisite dollar amount, as required pursuant to 11 U.S.C § 1126(c) and as set forth in the Ballot Certificate.

K.      The Ballot Certificate correctly sets forth the tabulation of votes, as required by the Bankruptcy Code, Bankruptcy Rules, the Local Rules of the Bankruptcy Court for the Southern District of Florida and the *Amended Order Approving Disclosure Statement* (the "Confirmation Procedures Order") (D.E. 316).

L.      The Plan was voted on by all Classes of Impaired Claims that were entitled to vote pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Confirmation Procedures Order.

M.      The Ballot Certificate reflects that Classes 2 and 3 accepted the Plan;  there are no creditors in Class 1 and Class 4 is the equity interests of the Debtor.

N.      The Plan complies with all applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 1129(a) with respect to all Classes of Claims and Interests under the Plan, and, as required by Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtor as the Proponent.

O.      The Proponent of the Plan complied with all applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 1129.

P.      The Plan has been proposed and submitted to all Creditors and Interest Holders in good faith and not by any means forbidden by law and therefore 11 U.S.C. § 1129(a)(3) is satisfied.

Q.      The *Objection to Cure Amount* filed by Enterprise (D.E. 350) has been resolved within the Plan.

R.      All payments made, or to be made, by the Debtor in connection with this Chapter 11 Case or in connection with the Plan either have been approved by or are subject to the approval of the Bankruptcy Court, including applications for compensation and reimbursement of expenses and, therefore, the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(4).

S.      The Plan does not discriminate unfairly, is fair and equitable, and otherwise complies with all of the provisions of Section 1129(b) of the Bankruptcy Code with respect to each Class of Claims or Interests that are impaired under the Plan, including without limitation, Classes 2 and 3; Creditors holding Unsecured Claims will receive more on account of their Claims under this Plan, than they would receive in a chapter 7 liquidation.

T.      The Plan and Disclosure Statement were accompanied by projections that support the financial viability of the Reorganized Debtor, and, accordingly, the requirements of 11 U.S.C. § 1129(a)(11) are satisfied.

U.      Debtor's counsel currently holds in trust sufficient funds available for the payment in whole or in part of: (i) Allowed Administrative Expense Claims (unclassified), which will be paid in accordance with agreements between the Debtor and professional fee claimants;[3] and (ii) United States Trustee's Fees (unclassified). The Proponent estimates that Class 5 creditors will receive a distribution of approximately 40% on account of Allowed General Unsecured Claims.[4]

V.      D. Walter Casale is providing requisite "new value" required for his retaining 100% ownership of the equity interests of the Debtor.

---

[3]  There are no allowed Administrative Expense Claims other than those of the Debtor's professionals and U.S. Trustee's fees. Administrative Expense Claims related to professional fees and costs shall be awarded by separate order of the Court.

[4]  This is a good faith estimate based on Debtor's reasonable knowledge and belief and is not to be deemed as a guarantee of actual amounts to be distributed.

**THEREFORE, BASED UPON THE FOREGOING FINDINGS, IT IS ORDERED AS FOLLOWS:**

1.      The Plan is **CONFIRMED** pursuant to 11 U.S.C. § 1129.

2.      The *Objection to Cure Amount* filed by Enterprise (D.E. 350) is **OVERRULLED** based upon the agreement described in Paragraph 19 below.

3.      The findings of fact and conclusions of law set forth above shall constitute the findings of fact and conclusions of law of this Court pursuant to Bankruptcy Rule 7052.  To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed. Note 3, *supra.*

4.      All of the terms and provisions of the Disclosure Statement and Plan are approved.

5.      The provisions of the Plan and this Confirmation Order are binding on the Debtor, each creditor, and every other interested party.

6.      Pursuant to Section 1141(d)(5)(A) of the Bankruptcy Code, the Debtor shall be discharged from all pre-Confirmation debts except as is provided in the Plan, upon completion all payments required under the Plan.

7.      As of the Effective Date, all property of the estate shall re-vest in the Reorganized Debtor.

8.      The Reorganized Debtor shall continue to operate its business in the ordinary course.

9.      The Reorganized Debtor shall be entitled to retain and compensate professionals to assist it in carrying out his obligations as a Reorganized Debtor without necessity of further

approval of this Court. To the extent that the Reorganized Debtor requires the services of counsel post-confirmation to effectuate any of the terms of the Plan or this Order, then bankruptcy counsel may be compensated in the ordinary course subject to filing with this Court an invoice for services rendered and upon which all interested parties shall have a 10-day negative notice period to object. If no objections are filed, then the Reorganized Debtor shall be authorized to remit payment to counsel as invoiced.  Notwithstanding the foregoing, in the event that such invoices exceed an aggregate amount of $5,000 per quarter, then bankruptcy counsel shall file an application for compensation with the Court for approval after notice and hearing.

10.    Any judgment obtained in any court other than this Court is null and void as a determination of the liability of the Debtor with respect to debts dischargeable or determined by this Court to be discharged under 11 U.S.C. § 1141, subject to paragraph 5 above.

11.    All creditors whose debts are discharged by this Order and all creditors whose judgments are declared null and void (if any) are enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any such debts as liability of the Debtor, or from property of the Debtor, whether or not the discharge of the Debtor is waived.

12.    All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date.

13.    The Reorganized Debtor shall pay the U.S. Trustee the appropriate fees required pursuant to 28 U.S.C. § 1930(a)(6) based upon all disbursements by the Reorganized Debtor for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), and shall continue to file Monthly Operating Reports, until the earlier of the closing of the instant case by

the issuance of a final decree by the Court, or upon the entry of an order by this Court dismissing the case or converting it to another Chapter under the U.S. Bankruptcy Code.

14.    To the extent applicable, the Reorganized Debtor shall have the standing and authority to pursue all claims objections. Upon the resolution of all claims objections, if any, and satisfaction of all payments required under the Plan, the Reorganized Debtor shall file a Final Report of Estate and Motion for Final Decree Closing Case on the Court approved local form.

15.    The Reorganized Debtor shall pay all allowed claims at such time and in such amounts as provided for in the Plan.

16.    The failure to reference or address all or part of any particular provision of the Plan herein shall have no effect on the validity, binding effect, or enforceability of such provision, and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control, except as otherwise provided herein.

17.    If any provision of this Confirmation Order is hereafter modified, vacated, or reversed by subsequent order of this Court, or any court, such reversal, modification, or vacation shall not affect the validity of the obligations incurred or undertaken under or in connection with the Plan, nor shall such reversal, modification, or vacation of this Confirmation Order affect the validity or enforceability of such obligations. Notwithstanding any reversal, modification, or vacation of this Confirmation Order, any such obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacation, shall be governed in all respects by the provisions of this Confirmation Order and

the Plan, and all documents, instruments, and agreements related thereto, or any amendments or modifications thereto.

18.     The Debtor has complied with all of the provisions of the U.S. Bankruptcy Code and the Federal Bankruptcy Rules concerning notice, disclosure, and solicitation in connection with the Plan, and the Disclosure Statement, and all other matters considered by this Court in connection with this Chapter 11 case. The Debtor properly served the Confirmation Procedures Orders and gave proper notice of the Confirmation Hearing in accordance with Bankruptcy Rules 2002, 3017(d), and 3020(b)(2). The Notice and the opportunity given for a hearing before the Court on the approval of the Disclosure Statement and the confirmation of the Plan was adequate and satisfactory under the circumstances of this case.

19.     All executory contracts and unexpired leases discussed in Article 9 of the Plan and listed on Exhibit "A" to the Plan are hereby assumed.  None of those executory contracts and unexpired leases involve the payment of any cure amounts with the exception of Enterprise Fleet Services ("Enterprise").  The total cure amount to be paid to Enterprise is $11,697.07, which shall be paid in six (6) equal monthly installments of $1,949.51 commencing on October 1, 2010. All other executory contracts and unexpired leases are deemed rejected as of the date of the Confirmation Hearing.  The Reorganized Debtor is authorized to enter into such contracts as it deems appropriate in the exercise of its business judgment without the need for a motion and hearing in this Court.  Any claims arising from the rejection of an unexpired lease or executory contract shall be filed within thirty (30) days from the date of this Order or be forever barred.

20.     The Committee shall be dissolved on the Effective Date and its members shall be deemed released of all of their duties, responsibilities and obligations in such capacity in

connection with the Bankruptcy Case or the Plan or its implementation, and the retention of the Committee's professionals shall terminate.

21.    The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

22.    The Bankruptcy Court shall retain jurisdiction:

(a)  To enable the Debtor to consummate the Plan and any amended or modified Plan and to resolve any disputes arising with respect thereto;

(b)  To enable the Debtor to consummate any and all proceedings that it may bring prior to the entry of the Confirmation Order;

(c)  To determine all controversies relating to or concerning the classification, subordination, allowance, valuation, modification, or satisfaction of Claims in this case;

(d)  To liquidate or estimate for purposes of allowance all contested, contingent or unliquidated Claims;

(e)  To determine the validity, extent and priority of all liens, if any, against property of the estate;

(f)  To determine all assertions or an ownership interest in, the value of, or title to, any property of the estate;

(g)  To determine all objections to Administrative Claims;

(h)  To determine all (1) adversary proceedings, contested or litigation matters brought before the Bankruptcy Court; and, (2) any and all claims or Causes of Action asserted by the Debtor, either by and through the Debtor or Reorganized Debtor;

(i)  Without limiting the generality of the preceding paragraph, to determine any Avoidance Action brought by the Debtor;

10

(j)  To determine all controversies arising out of any purchase, sale, modification, or contract made or undertaken by the Debtor prior to the Confirmation Date;

(k)  To enforce all agreements assumed, if any, and to recover all property of the estate, wherever located;

(l)   To determine any tax liability of the estate in connection with the Plan, actions taken, distributions or transfers made thereunder;

(m)  To enforce any and all injunctions created pursuant to the terms of the Plan;

(n)  To modify the Plan or to remedy any defect or omission or reconcile any inconsistencies in the Plan either before or after the entry of the Confirmation Order;

(o)  To hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation or enforcement of the Plan;

(p)  To enter a Final Decree; and

(q)   To make such orders as are necessary or appropriate to carry out the provisions of the Plan.

23.    **The Bankruptcy Court shall conduct a post-confirmation status conference hearing on October 19, 2010, at 9:30 a.m., at the U.S. Bankruptcy Court, Flagler Waterview Building, 1515 North Flagler Drive, Room 801 – Courtroom A, West Palm Beach, Florida  33401 U.S.A.**

24.    Should the Debtor file its Final Report of Estate and Motion for Final Decree Closing Case prior to October 19, 2010, the foregoing post-confirmation status conference hearing may be cancelled and removed from the Court's calendar.

# # #

11

Submitted by:

PAUL L. ORSHAN, P.A.
*Counsel for Debtor*
2506 Ponce de Leon Boulevard
Coral Gables, Florida  33134
Telephone:  (305) 529-9380
Facsimile:  (305) 402-0777
paul@orshanpa.com


Copy to:
Attorney Orshan is directed to serve a conforming copy of this Order upon all interested parties
and to file a Certificate of Service.